JACOB KIMMER, as Administrator, etc., of WM. KIMMER, Deceased, Appellant, v. JOHN WEBER and Another, Respondents.

*Master and servant — when the act of a third person is the act of the master — evidence as to the safety of place of employment.*

Where the master intrusts the performance of a duty which he owes to his servant to ·some one else, he who performs the master's duty stands in the master's place, and his act is the act of the master.

'The evidence considered and commented upon which fairly presents to the jury the question whether an employer had performed the duty which he owed to his employees to furnish a safe and proper place in which they could prose-·cute their work.

APPEAL by the plaintiff, Jacob Kimmer, as administrator, etc., of William Kimmer, deceased, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 18th day of February, 1893, dismissing the plaintiff's complaint after a trial at the New York Circuit.

*Oscar E. Langer* and *Theo. Aub*, for the appellant.

*Hamilton Wallis*, for the respondents.

PARKER, J. :

We think the evidence produced by the plaintiff fairly presented for the jury the question whether the defendants had performed the duty which they, as masters, owed to the plaintiff's intestate, to fur-nish a safe and proper   lace in which the employee should prosecute this work.

On the 16th day of February, 1891, plaintiff's intestate, Wm. Kimmer, was an employee of the defendants. The work in which he was engaged was that of pointing up arches with mortar in Koehler's brewery in this city. The doing of the work necessitated that he should stand upon scaffolding which was about twelve feet six inches above the floor, and within seven feet six inches of the ceiling.

While standing upon this scaffold and engaged in the discharge of his duties, he was precipitated to the floor by the falling of the scaffolding and killed.

The evidence tends to show that the breaking of the scaffold was due to the fact that it was not properly constructed.

Indeed, it appears that it was not originally put up for the purpose of sustaining the weight required of it in doing the mason work in which defendants' employee was at the time of its breaking engaged. This scaffolding had been constructed for the use of plumbers, and when the defendants commenced to do the mason work they did not strengthen it. Now, the defendants were bound to use all reasonable precaution necessary to make this scaffolding upon which their employees were invited to stand and work, safe.

The defendants personally do not appear to have paid any special attention to the construction of the scaffolding. That matter they committed to their foreman, Joseph Turner. But as it was a duty which the defendants, as masters, owed to their employees, to exercise due diligence to make the scaffolding safe, Turner, in the performance of that duty, stood in the place of the masters.

Defendant Weber testified that it was Turner's duty to see that the scaffolding was properly put up. Turner testified that he gave directions with reference to it to certain employees other than the masons working upon it. He denies that the scaffolding used was arranged in accordance with the directions given by him, at the same time admitting that he visited the place where the scaffolding was, at least twice a day. Saw that they were working upon a scaffold other than he had intended to have provided for their use and allowed them to continue without attempting to stop it. Had the master so conducted himself it would not be pretended that the court would not be required to permit a jury to say whether he had performed his duty. The situation is not changed when the master

intrusts the performance of a duty which he owes to the servant to some one else. In such case he who performs the master's duty stands in the master's place, and his act is the act of the master.

The judgment should be reversed, with costs to the appellant to abide the event.

VAN BRUNT, P. J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.